VOISIN v. MORALES

———

(January 13, 1930. Opinion and Decree.)
(February 17, 1930. Rehearing Refused.)
(March 31, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

———

Henry L. Rhodes and Jose A. Morales and Brian & Brian, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff seeks to recover $990.70, alleging that that amount represents interest paid to defendant on money loaned for the purchase of a lot and the construction of a house thereon. She alleges that as a result of the transaction she has paid to defendant interest at the rate of .0912 per annum and that since that rate is in excess of the legal rate she is entitled, under R. C. C. art. 2924, as amended by Act 68 of 1908, to recover the total amount of interest paid.

Defendant denied that he had charged interest in excess of the legal rate, and, alleging by reconventional demand that plaintiff owed him for services and for expenditures more than she had paid, claimed the sum of $265.03.

The trial court held that the defendant had, in fact, charged interest in excess of the legal rate and rendered judgment as prayed for in the main demand.

The facts are rather involved, but, after a careful study of the record, we have reached the conclusion that they are substantially as follows:

Defendant Morales agreed to obtain for plaintiff a loan which she was to repay on an installment basis. Plaintiff made many payments but did not comply fully with her obligation and it became necessary to find some one else with whom the loan could be placed. On January 14, 1923, the loan which, according to both parties had been reduced to $2,555.40, was placed with other parties with the understanding that plaintiff would continue making payments to Morales and that he would, from time to time, as these payments accumulated, devote them to the reduction of the note.

In February, 1927, the improvements on the property were destroyed by fire. It then developed that there were in existence two policies of insurance, one for $3,000 and one for $2,000, and, as in each policy there was a provision vitiating it in the event of other insurance being in existence on the same property, the insurers resisted payment. Morales, however, was able to prevail upon the adjusters to settle on a replacement basis, and, as the expert builder, selected by the adjusters, reported that the property could be restored for $3,830, that amount was paid to Morales, as the agent and attorney for plaintiff.

Thereupon it was determined that the proceeds of the insurance settlement should be used to liquidate the indebtedness on the property, and that the balance remaining should be turned over to plaintiff.

Morales, through his clerk, rendered to Mrs. Voisin, plaintiff, a statement in which it appeared that the interest amounted to the sum of $990.70 and that this amount had been deducted in making settlement.

It is conceded by both parties that the correct amount of interest at 8 per cent would have been $860.83. It thus appears that, according to the statement, there was charged as interest $121.87 more than is

320

permitted by the codal article and statute referred to.

According to the only evidence in the record, when defendant discovered that his clerk or bookkeeper had overcharged plaintiff in the matter of interest, he attempted to rectify the error and then discovered that, in making the statement, plaintiff had not been charged for certain expenditures made for her account as follows:

| | |
|---|---|
| Expert builder employed in insurance adjustment | $50.00 |
| Premium on insurance policy | 18.00 |
| Notarial fee and expenses in arranging loan | 22.50 |
| Balance due on interest paid to former mortgage creditor and erroneously omitted in former adjustment | 96.40 |
| | $186.90 |

Defendant contends that since this amount exceeds the sum overcharged as interest, the overcharge should be deducted, which would leave a balance due him amounting to $65.03. He claims this in reconvention, and he also contends that he is entitled to a fee of $200 for representing the interests of plaintiff throughout the transaction. We find in the record no evidence whatever except that of defendant and his witnesses, and therefore nothing to contradict defendant's statement that he actually expended the amounts mentioned for the account of plaintiff, except for one item of $75 included in the figure .$96.40, and which item we will later discuss, and except the statement rendered by defendant's clerk showing the overcharge of interest. In view of the absence of contravailing proof we find ourselves unable to do other than accept the testimony of defendant and his witnesses as correct.

The various expenditures were, according to defendant, necessary for the protection of plaintiff's interest, and, since defendant seems to have handled all details of the transaction for account of plaintiff, we feel that he was entitled to be reimbursed for such items as the uncontradicted evidence shows he expended.

The fact that his statement showed a figure which in itself is indicative of an interest overcharge is not conclusive in view of his uncontradicted testimony to the effect that the excessive interest charge was not actually received, but that the additional amounts which were retained by him, instead of representing interest, really represented expenditures made for account of plaintiff.

Whatever may have been defendant's motive, even if he intended to charge usurious interest, the actual fact seems to be that the only interest which he received was actually within the legal rate and that the overplus was not interest at all.

However, his testimony as to the item of $96.40 is not conclusive so far as $75 thereof is concerned. He admits having omitted from his accounts, credits for $75 paid to him by plaintiff, and in explanation thereof says:

" * * * The question of the difference of $75 must have been to me. I am almost sure that they were made on account of taxes due by her on the property."

This explanation, in view of the uncertainty of defendant, is not convincing, and we feel that he has failed to substantiate his defense to the extent of the $75 referred to. Nor do we believe that he is entitled to attorney's fees. He has made his profit on the investment of his funds, and, in the absence of an express agreement to pay fees, we do not feel that, under the circumstances presented here, plaintiff should be compelled to pay them.

Since according to the figures plaintiff owes defendant $65.03, but since defendant has overcharged her $75, the net balance in plaintiff's favor is $9.97, for which plaintiff should obtain judgment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended by reducing the amount thereof to $9.97, with interest from judicial demand, and, as thus amended, affirmed.